IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TODD LOPEZ, AS PERSONAL REPRESENTATIVE
TO PURSUE WRONGFUL DEATH CLAIM ON
BEHALF OF MAURICIO SANCHEZ LOPEZ, deceased;
JUAN CARLOS SANCHEZ, Individually,
and MARIA DEL ROCIO LOPEZ BRITA, Individually,

    Plaintiffs,

v.                                                                             No. 2:23-cv-00327-DHU-JHR

UNIVERSITY OF THE SOUTHWEST

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND AND DENYING PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES

**THIS MATTER** is before this Court on Plaintiffs' Motion to Remand and an accompanying request for attorney's fees and costs for time spent litigating against removal. (Doc. 10). This Court having considered the briefing, the record of the case, the arguments presented at the hearing, and relevant law, **GRANTS** Plaintiffs' motion and remands the case to state court. The Court **DENIES** Plaintiffs' request for attorneys' fees.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 15, 2022, eight student athletes enrolled at the University of Southwest, a private school located in Hobbs, New Mexico, were returning from a golf tournament in Texas. Doc. 1 at 1-2. The students were traveling in a Ford Transit van with a trailer box full of golf clubs. Doc. 1 at 2. The Ford Transit van was driven by their coach, Tyler Lee James, who worked for the University. *Id.* A Dodge pickup truck with two occupants crossed into van's lane of travel, causing a head-on collision and a fire. *Id.* Tragically, the two occupants of the Dodge

1

pickup died. *Id.* Six students and their coach, Mr. James, were also among the deceased victims. *Id.*

On January 19, 2023, Plaintiffs Todd Lopez, as personal representative of Mauricio Sanchez Lopez, deceased, Juan Carlos Sanchez Vargas, individually, and Maria Del Rocio Lopez Brita, individually, ("Plaintiffs"), filed a Complaint in the First Judicial District Court of Santa Fe County, New Mexico.  Doc. 1-1.  Among claims against others, Plaintiffs alleged state law claims against Defendant University of the Southwest ("Defendant") for negligence, negligent hiring, retention, and supervision, and vicarious liability for the alleged negligence of Tyler James.  *Id.* at 3.5. On March 23, 2023, Plaintiffs filed their First Amended Complaint, pursuing the same claims against Defendant but adding a claim for negligence per se based on Defendant's alleged violation of several statues and regulations. Doc. 1-4.

On April 17, 2023, Defendant removed this case to federal court, citing 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446(a) and alleging this Court has subject matter jurisdiction over the matter because Plaintiffs' Amended Complaint poses a federal question.  Doc. 1.  Defendant argues that the Plaintiffs' claims alleging violations of the Federal Motor Carrier Safety Regulations (FMCSR) are new claims being made by Plaintiffs which make the case removable to federal court because the case now involves federal regulatory issues and will require the interpretation of federal law. *Id.*

On May 15, 2023, Plaintiffs filed their Motion to Remand, disputing Defendant's contention that any of their claims arise under federal law or would require the interpretation of a substantial federal question.  Doc. 10. Defendant filed a response to the motion to remand on May 19, 2023 (Doc. 15), and Plaintiffs replied on June 12, 2023 (Doc. 17).  On November 30, 2023, this Court held a hearing on the motion.

2

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). They may only hear the types of cases that the Constitution itself and Congress, through statute, have authorized them to hear. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Congress has granted federal courts subject matter jurisdiction over two general types of cases. These are: 1) cases "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and 2) cases in which there is complete diversity among the parties and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a). *Id.* "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction' respectively." *Home Depot U.S.A., Inc., v. Jackson,* 139 S. Ct. 1743, 1746 (2019).

"In addition to granting federal courts subject matter jurisdiction over certain types of cases, Congress has [also] enacted provisions that permit a defendant to remove cases originally filed in state court to federal court." *Home Depot U.S.A., Inc.*, 139 S. Ct. at 1746. Section 1441 permits a defendant to remove a case based on federal-question or diversity jurisdiction. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such an action is pending."). In determining whether removal is proper, the district court will "presume [that] no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *U.S. ex. rel. Hafter D.O. v. Spectrum Emerg. Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). "Only state-court actions that could have originally been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question

3

jurisdiction is required." *Caterpiller Inc. v. Williams*, 482 U.S. 386, 391 (1987). The existence of federal-question jurisdiction is determined by the "well pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

It is well established that "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [their] constitutional role as limited tribunals." *Pritchett v. Off. Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982) ("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal."). The defendant bears the burden of showing that removal is proper by a preponderance of the evidence. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

If the district court finds that it lacks subject matter jurisdiction, it must remand the case back to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The court's order to remand "is not reviewable by appeal or otherwise." *Id.* § 1447(d).

## DISCUSSION

## SUBJECT MATTER JURISCITION

Plaintiffs ask the Court to remand the civil action to the First Judicial District Court of Santa Fe County, New Mexico and to award attorney fees and costs incurred because the case was improperly removed by Defendant. Doc. 10 ("Motion"). Plaintiffs argue that this Court lacks subject matter jurisdiction because their claims do not arise under federal law nor is there a substantial federal question that must be determined by the Court. Plaintiffs point out that there

is no federal private right of action allowing Plaintiffs to hold Defendant liable for claims arising under the FMCSR.   *See* Motion at 6 (citing, e.g., *Leon v. FedEx Ground Package Systems, Inc.*, No. CV 13-1005 JB/SCY, 2016 WL 836980, at *11 (D.N.M. Feb. 16, 2016)).   Therefore, assert Plaintiffs, the negligence per se claim relied upon by Defendant for removal is strictly a state claim, which is not a federal cause of action simply because it is based on the alleged violations of federal as well as state regulations.

In addition, Plaintiffs argue that their complaint does not raise federal questions that turn on the substantive construction of federal law. They argue the Supreme Court has made clear that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Motion at 7-11 (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).   Additionally, the presence or absence of a federal private right of action is highly relevant when determining whether an action raises a federal question.  *See id. (*citing *Grable & Sons Metal Prod., Inc. v. Sarue Eng'g & Mfg.*, 545 U.S. 308, 317-18 (2002)).  Plaintiffs argue that, as stated in *Grable*, the key question is always "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. (quoting *Grable*, 545 U.S. at 314).  Plaintiffs submit that the claims in the complaint are state-law claims which do not raise a "disputed and substantial" federal issue, and allowing removal would disturb the balance of federal and state judicial responsibilities. Plaintiffs concede that they do refer to federal regulations in their amended complaint, however, these are only mentioned to support state-law negligence theories.

In response to Plaintiffs' motion, Defendant argues that there is federal authority recognizing an independent and private cause of action for violations of the FMCSR.  Defendant

5

relies on a 2001 federal district court decision from Vermont in which the court found that the plain language of 49 U.S.C. § 14704(a)(2) created a private cause of action for personal injury. Doc. 15 ("Response"), at 4-5 (citing *Marrier v. New Penn Motor Express, Inc.*, 140 F. Supp. 2d 326 (D. Vt. 2001)). Defendant then argues that, even assuming that there is no private right of action for violations of the FMCSR, this Court still has jurisdiction over Plaintiffs' claims because they raise substantial federal issues. Defendant relies on cases such as *Phillips v. Town of Hebron*, 2017 WL 3387133 (D. Conn. Aug. 7, 2017), *Carmine v. Poffenbarger*, 154 F. Supp. 3d 309 (E.D. Va. 2015) and *Stevenson v. Fort Worth & Western R.R. Co.*, 2015 WL 3884645 (N.D. Tex. June 24, 2015) for the proposition that negligence per se claims based on the violation of federal regulations raise federal questions. Finally, Defendant asserts that' Plaintiffs' motion to remand should be denied "because the Supreme Court has recognized certain areas of federal legislation are so comprehensive that they convert state law claims that come within their scope into claims 'arising under' federal law, creating a 'complete preemption exception' to the well-pleaded complaint rule." Response at 7 (quoting *Avco Corp. v. Aero Lodge No. 735, International Ass'n of Machinists*, 390 U.S. 557 (1968)). According to Defendant, in enacting the federal statutes from which the federal regulations at issue derive, Congress "so completely preempts a particular area of law, the lawsuit arising under state law becomes federal in character." *Id.* (quoting *Wright v. General Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001)). Quoting another Supreme Court case, Defendant concludes that this is so "because when the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law*." Id*. at 8 (quoting *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207-208 (2004)).

The Court finds that none of Defendant's arguments have merit. First, the Court rejects Defendant's argument that federal question-jurisdiction exists because violations arising under the FMCSR establish a federal private right of action. The only case that Defendant cites to support such a private cause of action is *Marrier*, a district court case from outside this district and outside this circuit. Courts within this district and outside the district have consistently found that the FMCSR does not create a private right of action. *See, e.g., Drake v. Old Dominion Freight Line, Inc.,* No. 15-1307-EFM/KGG, 2016 WL 1328941 *4 (D. Kan. Apr. 5, 2016) ("Plaintiff cannot bring a private cause of action under the MCA or FMCSR."); *Leon,* 2016 WL 836980, at *11 (analyzing case law that supports no private right of action in the FMCSR); *Stewart v. Mitchell Transp.*, 241 F. Supp. 2d 1216, 1219 (D. Kan. 2002) (rejecting "Plaintiffs claim that they have a private right of action under 49 U.S.C. § 14704(a)(2), which is part of the Motor Carrier Act."). This Court will follow this line of authority and finds that there is no private right of action for FMCSR claims. More specifically, the Court finds that 49 U.S.C. § 14704(a)(2) does not create a private right of action for personal injury plaintiffs because there is no "rights-creating language" that explicitly confers such a right on personal injury plaintiffs. *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1267 (2004) (citation omitted). Further, as discussed by the court in *Leon*, there are indications of legislative intent to deny a personal injury remedy for violations of the FMCSR. *See Leon*, 2016 WL 836980, at *13. Finally, a private right of action would be inconsistent with the Federal Motor Carrier Act's underlying purposes. *See id.*; *see also Boswell*, 361 F.3d at 1267.

Because Plaintiffs' Amended Complaint has not pleaded a federal cause of action, federal jurisdiction could lie only if the state law claims implicate substantial federal issues. *See Grable,* 545 U.S. at 312. The Court concludes they do not. The federal regulations referenced in

7

Plaintiffs' Amended Complaint have been expressly adopted by New Mexico into its own motor carrier safety regulations and thus Plaintiffs' right to relief does not depend on federal law. The Court further agrees with Plaintiffs that the mere fact that a court may be asked to interpret or apply a federal regulation when analyzing a state negligence claim does not transform the case into one involving substantial federal issues or questions. *See Grable*, 545 US. at 318. In this case, the Court finds questions such as whether a van towing a box trailer with golf clubs constitutes the definition of a "commercial vehicle" within the FMCSR is not sufficient to establish dominance of federal issues in the Plaintiffs' Amended Complaint. Plaintiffs' statutory and common law claims of negligence raise no substantial federal interests.

The Court also rejects Defendant's preemption argument. Although Defendant does not identify whether it relies on express, conflict or field preemption, the language of its response implies that it is relying on a field preemption theory. *See* Response at 7. Defendant, however, fails to show that Congress intended to occupy the entire field of motor vehicle safety when it enacted the Motor Carrier Act and does not cite to any case where a court has found the FMCSR preempts state law negligence claims such as those raised in this case. *See US Airways, Inc. v. O'Donnell*, 627 F.3d 1318, 1324–25 (10th Cir. 2010) (internal citation and quotations omitted) ("Field preemption occurs when a state law ... regulates conduct in a field that Congress intended the Federal Government to occupy exclusively.").

For these reasons, the Court finds that it has no subject matter jurisdiction over this case and will remand the case to state court.

## ATTORNEY FEES AND COSTS

Plaintiffs ask the Court for an award of attorney fees and costs incurred as a result of Defendant's alleged improper removal. Under federal law, an order remanding a case back to

state court "may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such a requirement is appropriate whenever the defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) ("[T]he standard for awarding attorney's fees should turn on the reasonableness of the removal."). Conversely, when an objectively reasonable basis exists, fees should be denied. *Id.*

In this case, the Court determines that Defendant did not lack an objectively reasonable basis when it removed this case to federal court. The Tenth Circuit has not addressed whether there is a private right of action under the FMCSR. Additionally, while not binding on this Court, Defendant did rely on a case from the federal district of Vermont which found the FMSCR did provide a private cause to personal injury plaintiffs.  Because Defendants' removal was not unreasonable or barred by binding authority, the Court DENIES Plaintiffs' request for attorney's fees, costs, and expenses.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand **[Doc. 10]** is **GRANTED** and this action is hereby **REMANDED** to the First Judicial District Court of Santa Fe, New Mexico. Plaintiffs' request for an award of attorney's fees and costs is **DENIED**.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE